UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ronald Creswell,

    Plaintiff,

v.                                                      Case No. 16-11313

Ray C. Willingham, *et al.*,               Sean F. Cox
                                                        United States District Court Judge

    Defendants.
_____/

## ORDER DENYING
## PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS (D.E. NO. 9)

Acting *pro se*, on April 8, 2016, Plaintiff Ronald Creswell ("Plaintiff" or "Creswell") filed this action asserting claims against the following Defendants: 1) Ray C. Willingham, identified as a Property Manager for Piquette Square Apartments; 2) Laura Santos, identified as Director at Southwest Housing Solutions; 3) "RPI Management;"; and 4) "Ms. Evans of D&A Protection Services." (*See* Compl. caption and Section I of Complaint).

Along with his Complaint, Creswell filed an Application to Proceed *In Forma Pauperis*, which this Court granted on April 15, 2016.

The docket reflects that all Defendants, except "Ms. Evans of D&A Protection Services," have appeared in this action.

On May 13, 2016, Creswell filed a motion for "Stay of Proceedings: FRCVP 62" (D.E. No. 9). That motion and its attachments reflect that Creswell is a defendant in an landlord-tenant action in the 36th District Court in Detroit, wherein his landlord is seeking to evict him, by terminating his tenancy at Piquette Square Apartments. Creswell's motion asks this Court to stay

1

the state-court eviction proceedings and notes that he is scheduled to appear for a hearing in the 36th District Court on June 1, 2016.

Defendants Willingham and Santos filed a response in opposition to the motion on May 17, 2016. (D.E. No.).

Given the timing involved with Creswell's motion, this Court has given it expedited consideration. The Court finds that oral argument would not aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided without a hearing.

In opposing Creswell's Motion for Stay of Proceedings, Defendants Willingham and Santos assert that the motion should be denied for several reasons: 1) Plaintiff's landlord (Piquette Square Apartments) is not a party to this action and the Court therefore lacks jurisdiction over the landlord; 2) the State of Michigan has jurisdiction over landlord-tenant matters; 3) Plaintiff has not cited sufficient facts that warrant a stay; 4) Plaintiff has not cited any law that would permit a stay; and 5) Plaintiff has an adequate remedy in State Court.

The Court concludes that it must DENY Creswell's Motion for Stay of Proceedings. The relief that Creswell seeks in this motion is an order staying the state-court eviction proceedings. Under the Anti-Injunction Act, 28 U.S.C. § 2283, however, this Court cannot enjoin a state-court eviction proceeding. *See, eg., Zheng v. New York Housing Auth.*, 2010 WL 3910480 (S.D. N.Y. 2010) (collecting cases); *Murphy v. Bank of America, N.A.*, 2012 WL 4764591 (D. Mass. 2012) (collecting cases); *E3A v. Bank of America, N.A.*, 2013 WL 784339 (E.D. Mich. 2013).

The Anti–Injunction Act is "an absolute prohibition against enjoining State Court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atl.*

2

*Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970); 28 U.S.C. § 2283. "The three excepted circumstances are (i) the express provisions of another act of Congress authorizing such an order; (ii) necessity in aid of the federal court's jurisdiction; and (iii) the need to protect or effectuate the federal court's judgments." *Std. Microsystems Corp. v. Texas Instruments, Inc.*, 916 F.2d 58, 60 (2d Cir. 1990). None of those exceptions apply in this case. As a result, this Court is "absolutely prohibited" by the Anti-Injunction Act from granting the relief requested by Creswell in his Motion for Stay of Proceedings.

Accordingly, IT IS ORDERED that Creswell's Motion for Stay of Proceedings, that asks this Court to stay eviction proceedings in the 36th District Court, is DENIED.

In addition, pursuant to 28 U.S.C. § 1915(a)(3), this Court hereby certifies that an appeal of this Order may not be taken *in forma pauperis* because an appeal would not be taken in good faith.

IT IS SO ORDERED.

Dated: May 19, 2016                                    S/ Sean F. Cox
                                                       Sean F. Cox
                                                       U. S. District Judge


I hereby certify that on May 19, 2016, the foregoing document was served on counsel of record via electronic means and upon Ronald Creswell via First Class mail at the address below:

Ronald Creswell
6221 Brush
Apt. 404
Detroit, MI 48202

                                                       S/ J. McCoy
                                                       Case Manager